UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARY CASTEEL,<br><br>    Plaintiff,<br><br>  v.<br><br>CHARTER COMMUNICATIONS INC,<br><br>    Defendant. | CASE NO. C13-5520 RJB<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

Defendant Charter Communications Inc. has moved for reconsideration of this Court's Order Denying Charter's Motion for Summary Judgment. Dkt. 39. The Court has considered the motion, response, reply and record herein.

Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Black's Law Dictionary* 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly

unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F.Supp.2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Much of Defendant's argument is mere re-argument of the summary judgment proceedings and not a basis for reconsideration. As the court pointed out in *Kimbro V. Atlantic Richfield Co.,* 889 F.2d 869, 878-79 (9th Cir. 1998), the possibility that an inability to perform the essential functions of the job may arise in the future does not excuse an employer from providing a reasonable accommodation at the time of discharge that could have plausibly enabled the disabled employee to adequately perform her job. Here, there are disputed issues of fact as to whether Ms. Casteel could have performed the essential functions of the job given a reasonable accommodation as of the date of her termination, October 6, 2009, and whether an additional leave of absence was a reasonable accommodation as of October 6, 2009. The evidence that Ms. Casteel was unable to work, with or without accommodation, is for the jury to

weigh in its determination as to whether Casteel is a qualified individual. This evidence is also relevant as to the amount of damages, if any, that were suffered by Ms. Casteel.

Defendant has not persuaded this Court that it committed "manifest error." Defendant has not made the requisite showing for reconsideration under CR 7(h)(1).

Accordingly, it is hereby **ORDERED**:

Defendant's Motion for Reconsideration (Dkt. 40) is **DENIED.**

Dated this 1st day of December, 2014.

_____
ROBERT J. BRYAN
United States District Judge